IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| E.L.A.C., *et al.*,<br><br>**Plaintiffs**,<br><br>v.<br><br>HOSPITAL HERMANOS MELENDEZ, INC., *et al.*,<br><br>**Defendants.** | **Civil No.** 12-1467 (PAD) |

**MEMORANDUM & ORDER**

BESOSA, District Judge.

Before the Court is defendant Dr. Edwin Baez-Montalvo's motion *in limine* seeking to exclude (1) the testimony of plaintiffs' expert witness, Dr. Luis Alvarado-Hernandez; (2) the testimony of E.L.A.C.'s parents regarding the causation of damages; and (3) the presence of the minor plaintiff E.L.A.C. at trial. (Docket No. 59.) After considering defendant's motion and plaintiffs' response in opposition (Docket No. 74), the Court **DENIES IN PART** and **HOLDS IN ABEYANCE PART** defendant's motion *in limine.*

I.  Motion to Exclude Expert Witness Testimony

Defendant first moves to exclude the testimony of plaintiffs' expert witness, Dr. Alvarado, as biased and insufficiently reliable pursuant to Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). Defendant contends that Dr. Alvarado is biased due to his professional affiliation with plaintiff's law firm, Landron and Vera, LLC, and because he participated in the decision of referring

Civil No. 12-1467 (PAD)                                                              2

the case from plaintiffs' previous law firm.  Dr. Alvarado's *curriculum vitae* and his deposition testimony indicate that he was an associate attorney at the Landron and Vera law firm from 2005 to 2008, and subsequently has been affiliated with the firm as "of counsel" since 2009.  (Docket Nos. 59 at pp. 3-4; 74-1.)  Because this affiliation can be sufficiently revealed during a *voir dire* questioning of Dr. Alvarado and through direct and cross examination, the Court finds that any bias does not provide a ground for exclusion, but rather goes to the weight the jury gives to Dr. Alvarado's testimony.

Defendant also contends that Dr. Alvarado's opinion testimony regarding the nature and extent of damages and the cause of the damages should be excluded pursuant to Daubert because Dr. Alvarado — a gynecologist — has no training or professional experience in hearing conditions and has not examined the child, who is deaf. Plaintiffs seek to admit Dr. Alvarado's expert opinion testimony regarding the circumstances surrounding E.L.A.C.'s birth and the cause of his subsequent health complications.  A plaintiff in a medical malpractice suit pursuant to Puerto Rico law must establish the elements of his or her claim through expert witness testimony. See Rivera v. Turabo Med. Ctr. P'ship., 415 F.3d 162, 167 (1st Cir. 2005).

Pursuant to Daubert and Federal Rule of Evidence 702, the district court judge acts as a gatekeeper to exclude unreliable

Civil No. 12-1467 (PAD)                                                3

expert testimony. <u>Daubert</u> set forth a non-exclusive checklist for trial courts to use in assessing the reliability of expert testimony. 509 U.S. at 593-95. Since the Supreme Court's decision in <u>Daubert</u>, rejection of expert testimony has been the exception rather than the norm. Fed. R. Evid. 702, Advisory Committee Note. Prior to trial, the Court must "determine whether the putative expert is qualified by knowledge, skill, experience, training, or education," to offer testimony in a particular field. <u>Mitchell v. United States</u>, 141 F.3d 8, 14 (1st Cir. 1998) (internal quotation and citation omitted). "The proffered physician[, however,] need not be a specialist in a particular medical discipline to render expert testimony relating to that discipline." <u>Gaydar v. Sociedad Instituto Gineco-Quirurgico y Planificacion</u>, 345 F.3d 15, 24 (1st Cir. 2003). The Court has broad discretion to decide whether to admit or exclude relevant testimony. <u>Mitchell</u>, 141 F.3d at 15.

Defendant argues that because Dr. Alvarado is a gynecologist and not an expert in pediatrics, audiology, or otolaryngology, he lacks the education, expertise and foundation to testify about the damages allegedly suffered by E.L.A.C. and the cause of those damages. Plaintiffs do not dispute Dr. Alvarado's qualifications, and the fact that he is not an expert in particular medical sub-specialties is apparent from his deposition testimony. Dr. Alvarado's lack of specialization, however, is not dispositive. The First Circuit Court of Appeals has made it clear that experts

Civil No. 12-1467 (PAD)                                                    4

need not "be blue-ribbon practitioners with optimal qualifications" in order to qualify as expert witnesses. United States v. Vargas, 471 F.3d 255, 262 (1st Cir. 2006) (internal quotation and citation omitted).  In Mitchell, the First Circuit Court of Appeals held that an internist with a specialty in hematology and oncology was qualified to opine on the standard of care that should have been met by a gastroenterologist performing a colonoscopy.  141 F.3d at 15.  Similarly, the court noted in Gaydar that "the mere fact that [an expert] was not a gynecologist does not mean that he was not qualified to give expert testimony regarding [the plaintiff's] pregnancy."  345 F.3d at 24.

Additionally, while board certification in a particular medial specialty may entitle an expert's opinion to greater weight, that certification has "never been held a prerequisite to qualification as an expert medical witness." Alvarado v. Weingerger, 511 F.2d 1046, 1049 (1st Cir. 1975).  In fact, the First Circuit Court of Appeals has indicated that it would be an abuse of discretion to exclude testimony that would otherwise "assist the trier better to understand a fact in issue," simply because the expert does not have a particular specialization. Gaydar, 345 F.3d at 24-25.  See also Pages-Ramirez v. Ramirez-Gonzalez, 605 F.3d 109, 116 (1st Cir. 2010) (finding that the district court "mistakenly relied on [the expert's] lack of board certification in obstetrics and gynecology

Civil No. 12-1467 (PAD)                                                          5

to preclude her from testifying" regarding the standard of care and causation).

Having reviewed the parties' arguments and Dr. Alvarado's *curriculum vitae*, the Court is satisfied at this time that under the totality of circumstances Dr. Alvarado's knowledge, skill, experience, training, and education qualify him to offer an expert opinion that would assist the trier to better understand issues of fact in this case.  Dr. Alvarado's years of experience as a gynecologist provide a sufficient foundation for his testimony regarding the medical care and complications surrounding E.L.A.C.'s birth.  Any gaps in his expertise or flaws in his opinion can be elicited during his *voir dire* questioning and on direct and cross-examination, and go to the weight given to his opinion.  Accordingly, defendant's motion *in limine* to exclude Dr. Alvarado's expert testimony is **DENIED**.

**II.  Motion to Exclude the Parents' Testimony**

Defendant next moves to exclude the testimony of E.L.A.C.'s parents regarding damages and causation.  Plaintiffs proffer that E.L.A.C.'s mother, Lennin Cortes-Santiago, will testify regarding the events leading up to and following E.L.A.C.'s birth, including treatment that she and her child received after his birth, and steps the parents have taken to care for E.L.A.C.  Any objections to the admissibility of the minor's parents' testimony will be addressed at trial.  Lay witnesses will be permitted to provide

relevant, non-hearsay testimony regarding events they perceived first-hand.  See Fed. R. Evid. 401 and 701.  Accordingly, defendant's motion to exclude the parents' testimony is **HELD IN ABEYANCE**.

**III. Motion to Exclude Plaintiff E.L.A.C.'s Presence at Trial**

Lastly, defendant moves to exclude minor plaintiff E.L.A.C.'s presence from trial pursuant to Federal Rule of Evidence 403 and Rubert-Torres v. Hosp. San Pablo, Inc., 205 F.3d 472, 478 (1st Cir. 2000).  On May 2, 2014, the Court held a hearing to observe E.L.A.C. and determine whether his presence at trial would "prevent or substantially impair the jury from performing its duties in accordance with [its] instructions and [its] oath." Helminski v. Ayerst Lab., 766 F.2d 208, 217 (6th Cir. 1985) (internal quotations and citation omitted) (cited with approval by Rubert-Torres, 205 F.3d at 478 and Gonzalez-Marin v. Equitable Life Assurance Soc'y. of the U.S., 845 F.2d 1140, 1145 (1st Cir. 1988)).  Having observed E.L.A.C., the Court notes that aside from his visible cochlear implants, he appeared to be a normal young boy.  An observer would not be able to conclude merely based on E.L.A.C.'s appearance that he is deaf, nor did E.L.A.C. behave in a way that would distract a jury.  The Court also notes that the fact that E.L.A.C. is deaf will certainly be mentioned at the beginning of opening arguments at trial, further reducing the possibility that the jury will be swayed or prejudiced by E.L.A.C.'s presence in court.  Defendant

Civil No. 12-1476 (FAB)                                                  7

has not met its burden in establishing that E.L.A.C.'s presence at trial will prejudice or substantially impair the jury's functioning.  Defendant's motion to exclude E.L.A.C.'s presence from trial is accordingly **DENIED**.

**IV. Conclusion**

For the reasons articulated above, defendant's motion *in limine* is **DENIED** as to Dr. Alvarado's expert testimony and E.L.A.C.'s presence at trial, and **HELD IN ABEYANCE** as to the parents' testimony at trial.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 2, 2014.

<pre>                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE</pre>